IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Case No. 2:11-CR-00212 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | |
| BARRY L. YOUST. | : | Magistrate Judge Elizabeth Deavers |
| | : | |
| Defendant. | : | |

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Withdraw Guilty Plea. For the reasons set forth herein, Defendant's Motion is **GRANTED**.

## LAW AND ANALYSIS

Defendant moves to withdraw his guilty plea pursuant to Fed. R. Crim. P. 11(d). In relevant part, a defendant may "withdraw a guilty plea . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal. The Sixth Circuit directs the Court to consider seven factors in determining whether to grant a motion to withdraw a guilty plea:

> (1) The amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential of prejudice to the government if the motion to withdraw is granted.

*U.S. v. Benton*, 639 F.3d 723, 727 (6th Cir. 2011), *quoting U.S. v. Bashara*, 27 F.3d 1171, 1184 (6th Cir. 1994).

Here, the factor which primarily cuts against Defendant is the passage of time since the entry of his guilty plea, originally entered on October 25, 2011. Despite this lengthy delay, the other factors weigh in favor of allowing Defendant to withdraw his plea. Particularly important is the fact that the delay has apparently not prejudiced the government's position, as the government does not oppose Defendant's Motion. Furthermore, Defendant has complied with all conditions of his pretrial release during the intervening period.

As for the circumstances surrounding the plea and Defendant's failure to withdraw it earlier, the Court notes Defendant's wife was diagnosed with terminal cancer late in 2010. She requires ongoing care and financial support. The Defendant has also maintained his innocence. In fact, his primary reason for withdrawing the plea appears to be that he recently bolstered evidentiary support for his innocence by "passing" a polygraph test regarding the allegations. A certified polygraphist, who routinely conducts polygraph tests for the Columbus Police Department, administered the test.

The Court also notes Defendant's education is limited to high school degree and he has not previously been detained, arrested, or interrogated in connection with any crime. Suffice to say, he lacks a sophisticated understanding of the criminal justice system. Thus, on balance, the factors weigh heavily in favor of allowing Defendant to withdraw his plea, which the government does not oppose.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED**. Defendant's plea of guilty is, hereby, withdrawn. The schedule for trial will be forthcoming.

**IT IS SO ORDERED.**

s/ Algenon L. Marbley
_____

**ALGENON L. MARBLEY**

**UNITED STATES DISTRICT JUDGE**

**DATED: October 1, 2012**