**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | **Case No. 2:11-CR-00212** |
| Plaintiff, | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| v. | : | |
| | : | |
| BARRY L. YOUST. | : | **Magistrate Judge Elizabeth Deavers** |
| | : | |
| Defendant. | : | |

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss Indictment.  For the reasons set forth herein, Defendant's Motion is **GRANTED IN PART**.  Defendant's indictment is **DISMISSED** without prejudice.

## LAW AND ANALYSIS

Defendant moves to dismiss his indictment pursuant to 18 U.S.C. § 3161, the Speedy Trial Act, subsection (c) of which places a 70-day time limitation on the start of a trial following the entry of a "not guilty" plea.  Subsection (i) of 18 U.S.C. § 3161 states that when a defendant withdraws a guilty plea, the defendant shall be deemed indicted with respect to all charges therein contained . . . on the day the order permitting withdrawal of the plea becomes final."

Here, Defendant initially entered a plea of guilty, which he later moved to withdraw. This Court granted the withdrawal on October 1, 2012.  As of today's date more than 70 days have passed and Defendant's trial has not begun.  Thus, Defendant correctly argues that the indictment must be dismissed.  The United States concedes that "dismissal is required under the Speedy Trial Act," but requests the dismissal be without prejudice. *United States' Response*, Dkt. 36 at 1.

Courts consider three factors in determining whether a dismissal under the Speedy Trial Act should be with prejudice: "the seriousness of the offense; the facts and circumstances of the case which led to dismissal; and the impact of a reprosecution on the administration of [Chapter 208 of the Title 18 of the United States Code] and on the administration of justice." *United States v. Taylor*, 487 U.S. 326, 333 (1988).

The Defendant was indicted under 18 U.S.C. § 2421, prohibiting transportation of an individual for purposes of unlawful sexual activity, and 18 U.S.C. § 2422(b), prohibiting coercion and enticement of a minor. Defendant argues the seriousness of the defense favors a dismissal with prejudice because "the alleged activity did not involve an intent to commit the forms of sexual conduct typically seen in federal felony prosecutions" under those statutes. *Defendant's Motion to Dismiss*, Dkt. 34 at 3. The Court cannot subscribe to Defendant's appraisal of his alleged actions. The United States correctly describes a violation of 18 U.S.C. § 2422(b) as a violent offense, which here involves a minor victim. The minimum sentence for such a violation is ten years imprisonment. If Defendant did indeed sexually coerce a minor, the particular sexual act he contemplated does not lessen the gravity of the offense. Thus, the seriousness of the allegation favors dismissal without prejudice.

Significantly, Defendant does not allege that the delay has prejudiced his case in any way. The Court finds no injury to justice in allowing Defendant to be indicted again. Furthermore, in considering "the facts and circumstances of the case which led to dismissal" it should be noted that this Court granted Defendant's requests to continue hearing dates and briefing deadlines on multiple occasions. If the Defendant had concerns that delay would prejudice his case, he could have sped the process considerably by not seeking multiple extensions.

2

On balance, therefore, the factors overwhelmingly favor dismissing the indictment without prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED IN PART**.  Defendant's indictment is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**


_____ **s/ Algenon L. Marbley** _____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**


**DATED: January 30, 2013**